1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ANTOINE BOUSLEY,                                  )
                                                                    )
                    Petitioner,                           )          2:11-cv-01751-GMN-GWF
                                                                    )
vs.                                                                )          **ORDER**
                                                                    )
D.W. NEVEN, *et al.*,                               )
                                                                    )
                    Respondents.                       )
_____ /

        This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254,

by a Nevada state prisoner.

        On March 14, 2012, respondents filed a motion to dismiss the petition.  (ECF No. 4).

Concurrent with the filing of the motion to dismiss, respondents brought a motion for leave file a

document under seal.  (ECF No. 7).  Respondents seek to file under seal a presentence report

containing confidential information regarding petitioner, and filed the presentence report under seal

for *in camera* review.  (ECF No. 8).

        There is a strong presumption in favor of public access to judicial filings and documents.  *See*

*Nixon v. Warner Communication, Inc.*, 435 U.S. 589, 597 (1978); *see also Kamakana v. City and*

*County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006); *Foltz v. State Farm Mut. Auto Ins. Co.*,

331 F.3d 1122, 1134 (9th Cir. 2003).  The court has inherent power over its own records and files,

and access may be denied where the court determines that the documents may be used for improper

purposes."  *Nixon v. Warner Comm., Inc.*, 435 U.S. at 598; *Hagestad v. Tragesser*, 49 F.3d 1430,

1433-34 (9th Cir. 1995); *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir.

2006).

        The Ninth Circuit distinguishes between dispositive and nondispositive pleadings and

motions in terms of the showing required to seal a document.  For a document filed with a

1    dispositive motion, "compelling reasons" must be shown to justify sealing the document. *Kamakana*

2    *v. City and County of Honolulu*, 447 F.3d at 1179-89.  In contrast, for documents filed with non-

3    dispositive motions, a "good cause" showing will suffice to keep the records sealed.  *Id.*  This is

4    based on the reasoning that the public has less need for access to records that are merely tangentially

5    related to the underlying cause of action.  *Id.* at 1179.  A showing of good cause generally requires a

6    specific description of the particular document(s) sought to be sealed and a showing that disclosure

7    of such documents would work a "clearly defined and serious injury." *Pansy v. Borough of*

8    *Stroudsburg*, 23 F.3d 772, 776 (3rd Cir. 1994).  Where good cause is shown for a protective order, the

9    court must balance the potential harm to the moving party's interests against the public's right to

10    access the court files.  *Kamakana v. City and County of Honolulu*, 447 F.3d at 1179-89.

11       The presentence report of petitioner was submitted in support of respondents' motion to

12    dismiss.  (ECF No. 8).  The motion to dismiss is a dispositive motion and therefore respondents must

13    show "compelling reasons" to keep the document sealed.  *Kamakana v. City and County of*

14    *Honolulu*, 447 F.3d at 1179-89.  In the instant case, the presentence report contains confidential

15    information concerning petitioner, as defined under NRS 176.156.  On balance, the potential harm to

16    both respondents' and petitioner's interests outweighs the public's right to access the presentence

17    report.  Respondents have made an adequate showing of compelling reasons to keep the presentence

18    report of petitioner sealed.  Accordingly, the Court grants respondents' motion to seal petitioner's

19    presentence report.  The presentence report, which was submitted for *in camera* review at ECF No.

20    8, will remain sealed.

21       **IT IS THEREFORE ORDERED** that respondents' motion to seal petitioner's presentence

22    report (ECF No. 7) is **GRANTED.**  The Clerk of Court shall keep petitioner's presentence report

23    (ECF No. 8) under seal.

24       Dated this 6th day of April, 2012.

25

                                    Gloria M. Navarro

26                                United States District Judge