UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTOINE BOUSLEY,           )
                           )
    Petitioner,            )     2:11-cv-01751-GMN-GWF
                           )
vs.                        )     **ORDER**
                           )
D.W. NEVEN, *et al.*,      )
                           )
    Respondents.           )
_____/

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. Before the Court is respondents' motion to dismiss. (ECF No. 4).

**I.    PROCEDURAL HISTORY**

On May 5, 2008, petitioner was charged in the Justice Court in Las Vegas, Nevada, with the following: Count 1, first-degree kidnapping; Count 2, battery with the intent to commit a crime; Counts 3 and 4, sexual assault; and Count 5, robbery. (Exhibit 2).[1] In the Clark County District Court, petitioner pled guilty to Count 1, coercion; Count 2, attempted sexual assault, and Count 3, robbery. (Exhibits 5 & 6). On October 2, 2008, the court sentenced petitioner to the following: Count 1, 19-48 months with restitution of $3,094.00; Count 2, 60-150 months, to run concurrent to Count I; and Count 3, 48-120 months, to run consecutive to Counts 1 and 2. (Exhibit 10). The judgment of conviction was filed on October 6, 2008. (Exhibit 11).

Petitioner appealed his conviction. (Exhibit 13). On May 12, 2009, the Nevada Supreme Court filed an order affirming the judgment of conviction. (Exhibit 18). Remittitur was issued on June 9, 2009. (Exhibit 19).

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 5-6.

1  On June 15, 2010, petitioner filed a post-conviction habeas petition in the state district court. (Exhibit 24). The state district court entered its written findings of fact, conclusions of law and order on September 22, 2010, finding the petition untimely pursuant to NRS 34.726. (Exhibit 27).

Petitioner appealed the denial of his state post-conviction habeas petition. (Exhibit 29). In the Nevada Supreme Court, petitioner moved for permission to file a *proper person* opening brief (Exhibit 33), along with this proper person opening brief (Exhibit 34). On April 6, 2011, the Nevada Supreme Court affirmed the denial of the state post-conviction habeas petition. (Exhibit 36). The Nevada Supreme Court found the petition untimely pursuant to NRS 34.726 and affirmed the lower court's denial of the petition. (*Id.*). Following the denial of the petition for rehearing, the Nevada Supreme Court issued its remittitur on July 6, 2011. (Exhibits 38 & 39).

Petitioner dispatched his federal habeas corpus petition to this Court on September 15, 2011. (ECF No. 1, at p. 1, numbered item 5). The Court received and filed the petition and the accompanying $5.00 filing fee on October 28, 2011. (ECF No. 1).

Respondents have filed the instant motion to dismiss the petition. (ECF No. 4). After obtaining an extension of time, petitioner filed a response to the motion to dismiss. (ECF No. 16). Respondents filed a reply. (ECF No. 19).

## II.  DISCUSSION

Respondents argue, *inter alia*, that all claims in the federal petition were procedurally defaulted in state court, and therefore are barred from review by this Court.

### A. Procedural Default Principles

"Procedural default" refers to the situation where a petitioner in fact presented a claim to the state courts but the state courts disposed of the claim on procedural grounds, instead of on the merits. A federal court will not review a claim for habeas corpus relief if the decision of the state court regarding that claim rested on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991).

/ / /

The *Coleman* Court stated the effect of a procedural default, as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986). The procedural default doctrine ensures that the state's interest in correcting its own mistakes is respected in all federal habeas cases. *See Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir. 2003).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some *objective factor external to the defense* impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991). With respect to the prejudice prong of cause and prejudice, the petitioner bears:

> the burden of showing not merely that the errors [complained of] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension.

*White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989), *citing United States v. Frady*, 456 U.S. 152, 170 (1982). If the petitioner fails to show cause, the court need not consider whether the petitioner suffered actual prejudice. *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d 528, 530 n.3 (9th Cir. 1988).

**B. Petitioner's Claims were Procedural Defaulted in State Court on Independent and Adequate State Grounds**

Petitioner's federal petition (ECF No. 1) contains the same claims raised in his post-conviction state habeas petition (Exhibit 24) and his opening brief (Exhibit 34) to the Nevada Supreme Court on appeal from the state district court's denial of his post-conviction state habeas

///

3

1  petition. (ECF No. 1 at pp. 3-20; Exhibit 24, at pp. 7-10; Exhibit 34, at pp. 3-12).[2] First, petitioner
2  claimed ineffective assistance of counsel for failing to thoroughly review and investigate his case.
3  (ECF No. 1, at pp. 3-9; Exhibit 24, at p. 7; Exhibit 34, at pp. 3-8).  Second, petitioner asserted that
4  his sentence violated the Eighth Amendment as cruel and unusual punishment, and that counsel was
5  ineffective for failing to obtain DNA results prior to having him enter into the guilty plea agreement.
6  (ECF No. 1, at pp. 11-13; Exhibit 24, at pp. 8-9; Exhibit 34, at pp. 8-9).  Next, petitioner claimed a
7  violation of "equal protection and due process of the law, and protection from cruelty in
8  sentencing." (ECF No. 1, at pp. 15-18; Exhibit 24, at pp. 9-10; Exhibit 34, at pp. 10-12).  The
9  Nevada Supreme Court found all of these claims to be procedurally defaulted. (Exhibit 36).  In
10  affirming the state district court's denial of the post-conviction habeas petition, the Nevada Supreme
11  Court cited NRS 34.726(1) and ruled that the petition was untimely filed. (Exhibit 36, at p. 1).  The
12  Nevada Supreme Court therefore refused to consider petitioner's claims substantively. (Exhibit 36).
13  The Nevada Supreme Court's application of the procedural bar at issue in this case – NRS 34.726(1)
14  – was decided on an independent and adequate state ground. *See Moran v. McDaniel*, 80 F.3d 1261,
15  1268-70 (9th Cir. 1996).  As such, this federal Court is barred from considering the federal petition,
16  which is composed entirely of claims that were procedurally defaulted in state court. *See Coleman v.*
17  *Thompson*, 501 U.S. at 730-31.

**C. Cause and Prejudice**

19  In his response to the motion to dismiss, petitioner argues that his state petition should have
20  been deemed timely by the Nevada state courts, pursuant to the "mailbox rule." Petitioner asserts
21  that, if the state courts had applied the mailbox rule to the filing of his state post-conviction habeas
22  petition, his claims would not have been procedurally defaulted in state court.

---

[2] The Court notes that the federal petition is, in part, comprised of photocopies of petitioner's opening brief to the Nevada Supreme Court on appeal from state district court's denial of his post-conviction habeas petition. (ECF No. 1, at pp. 4-9, 12-13, and 16-18; Exhibit 34, at pp. 3-8, 8-9, and 10-12).

4

1  Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date
2  that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). While
3  the Ninth Circuit has held that the mailbox rule applies to state as well as federal filings in
4  computing the timeliness of the federal petition under the AEDPA, the Ninth Circuit has also
5  acknowledged that Nevada does not recognize the prison mailbox rule for state post-conviction
6  petitions in determining the timeliness of a state petition under state law. *See Koerner v. Grigas*, 328
7  F.3d 1039, 1044 n.1 (9th Cir. 2003) ("because Nevada does not recognize a prison mailbox rule for
8  post-conviction petitions, [a] petition [is] not filed under Nevada law until actually received by the
9  clerk of court") (citing *Gonzales v. State*, 118 Nev. 590, 592 (2002) (Nevada does not recognize the
10 "prison mailbox rule" and has expressly rejected the rule for purposes of determining the filing date
11 of state post-conviction habeas petitions). Petitioner was required to comply with the State of
12 Nevada's procedural rules in filing his state habeas petition. As such, petitioner's argument that the
13 Nevada state courts should have applied the "mailbox rule" in determining the timeliness of his post-
14 conviction state habeas petition fails. Petitioner has failed to demonstrate cause for the procedural
15 default in state court, as he has failed to "show that some objective factor external to the defense
16 impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488.

17  In summary, this Court finds that all grounds of the federal habeas petition were procedurally
18 defaulted in state court on independent and adequate state law grounds. Petitioner has failed to show
19 cause and prejudice to excuse the procedural bar. Moreover, nothing in the petition or the state court
20 record demonstrates that the failure of this Court to consider petitioner's claims will result in a
21 fundamental miscarriage of justice. As such, the federal petition is procedurally barred from review
22 by this Court, and the petition will be dismissed. *Coleman*, 501 U.S. at 750; *see also Murray v.*
23 *Carrier*, 477 U.S. at 485.

24 **III.   CERTIFICATE OF APPEALABILITY**

25  In order to proceed with an appeal, petitioner must receive a certificate of appealability. 28
26 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951


(9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).  Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason; that a court could resolve the issues differently; or that the questions are adequate to deserve encouragement to proceed further. *Id.*  This Court has considered the issues raised by petitioner, with respect to whether they satisfy the standard for issuance of a certificate of appealability, and determines that none meet that standard.  The Court will therefore deny petitioner a certificate of appealability.

**IV.    CONCLUSION**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 4) is **GRANTED**.  Petitioner's claims are procedurally barred and the federal petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that petitioner is **DENIED A CERTIFICATE OF APPEALABILITY.**

**IT IS FURTHER ORDERED** that the Clerk of Court **SHALL ENTER JUDGMENT ACCORDINGLY.**

Dated this 19th day of February, 2013.

Gloria M. Navarro
United States District Judge