## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ANTOINE BOUSLEY, | ) |
| Petitioner, | ) 2:11-cv-01751-GMN-GWF |
| vs. | ) **ORDER** |
| D.W. NEVEN, *et al.*, | ) |
| Respondents. | ) |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On February 19, 2013, this Court granted respondents' motion to dismiss and dismissed the petition with prejudice, because all grounds of the petition were procedurally barred. (ECF No. 20). On August 22, 2013, petitioner filed a motion for reconsideration pursuant to Rule 60(b). (ECF No. 22). Respondents have filed an opposition to petitioner's motion. (ECF No. 23).

Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

A district court has discretion not to consider claims and issues that were not raised until a motion for reconsideration. *Hopkins v. Andaya*, 958 F.2d 881, 889 (9th Cir. 1992). It is not an abuse of discretion to refuse to consider new arguments in a Rule 60(b) motion even though "dire consequences" might result. *Schanen v. United States Dept. of Justice*, 762 F.2d 805, 807-08 (9th Cir. 1985). Moreover, motions for reconsideration are not justified on

1  the basis of new evidence which could have been discovered prior to the court's ruling.
2  *Hagerman v. Yukon Energy Corp.*, 839 F.3d 407, 413-14 (8th Cir. 1988); *see also E.E.O.C. v.*
3  *Foothills Title*, 956 F.2d 277 (10th Cir. 1992).

4  A "habeas petitioner may move for relief from the denial of habeas under Rule 60(b)
5  so long as the motion is not the equivalent of a successive petition." *Harvest v. Castro*, 531
6  F.3d 737, 745 (9th Cir. 2008) (citing *Gonzales v. Crosby*, 545 U.S. 524, 535-36 (2005)).
7  Mere disagreement with an order is an insufficient basis for reconsideration. Nor should
8  reconsideration be used to make new arguments or ask the court to rethink its analysis. *See*
9  *N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

10  In the instant case, petitioner argues that he can demonstrate mistake, inadvertence,
11  surprise, and excusable neglect sufficient to reconsider this Court's order of February 19,
12  2013. Petitioner argues mistake because his state counsel of record failed to provide him
13  with court files until December 2, 2009 (four months before he filed his untimely state
14  habeas petition). At no time in his opposition to the motion to dismiss did petitioner argue
15  difficulties obtaining the court files from his attorney. Petitioner cannot raise new arguments
16  in a motion for reconsideration.

17  Petitioner repeats his arguments that respondents incorrectly calculated the date that
18  the Nevada Supreme Court issued remittitur, and that he was entitled to the application of the
19  mailbox rule to his state habeas petition. These arguments were addressed and rejected in the
20  Court's order of February 13, 2013, and petitioner has failed to demonstrate that the Court's
21  ruling was clearly erroneous.

22  Lastly, petitioner argues that he is actually innocent. Petitioner provides no basis to
23  support his allegation of actual innocence, other than to argue that the State failed to prove
24  his guilt and that he was coerced into entering a guilty plea. "'[A]ctual innocence' means
25  factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623
26  (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "Actual innocence does not

1  merely require a showing that a reasonable doubt exists in light of the new evidence, but
2  rather that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513
3  U.S. 298, 327 (1995).  A petitioner must support his allegation of constitutional error with
4  new reliable evidence such as "exculpatory scientific evidence, trustworthy eyewitness
5  accounts, or critical physical evidence" that was not presented at trial. *Id.* at 324.  Bare
6  allegations unsupplemented by evidence do not tend to establish actual innocence sufficient
7  to overcome procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).
8  Petitioner fails to present any new evidence that would demonstrate that no reasonable juror
9  would have found him guilty of his crimes.

10  Petitioner has failed to make an adequate showing under Rule 60(b) to justify granting
11  his motion for reconsideration.

12  **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF
13  No. 22) is **DENIED.**

14  **DATED** this 22nd day of November, 2013.

Gloria M. Navarro
United States District Judge