1
2
3                          **UNITED STATES DISTRICT COURT**
4                               **DISTRICT OF NEVADA**
5
6    ANTOINE BOUSLEY,                    )        Appeal No. 13-17488
                                          )
7              Petitioner,               )        2:11-cv-01751-GMN-GWF
                                          )
8    vs.                                  )        **ORDER**
                                          )
9    D.W. NEVEN, *et al.*,               )
                                          )
10             Respondents.              )
     _____/
11
12         This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C.
13   § 2254, by a Nevada state prisoner.  On February 19, 2013, this Court granted respondents' motion
14   to dismiss and dismissed this action with prejudice, because all grounds of the petition were
15   procedurally barred.  (ECF No. 20).  On August 22, 2013, petitioner filed a motion for
16   reconsideration pursuant to Rule 60(b).  (ECF No. 22).  By order filed November 22, 2013, this
17   Court denied petitioner's motion for reconsideration.  (ECF No. 24).  Petitioner filed a notice of
18   appeal on December 4, 2013.  (ECF No. 25).  On December 11, 2013, the Ninth Circuit Court of
19   Appeals remanded the matter to this Court for the limited purpose of determining whether a
20   certificate of appealability should be issued.
21         In order to proceed with his appeal, petitioner must receive a certificate of appealability
22   ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1;  *Allen v. Ornoski,* 435 F.3d
23   946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001).
24   Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to
25   warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473,
26   483-84 (2000).  "The petitioner must demonstrate that reasonable jurists would find the district

1    court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at

2    484).  In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the

3    issues are debatable among jurists of reason, that a court could resolve the issues differently, or that

4    the questions are adequate to deserve encouragement to proceed further.  *Id.*

5            Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds,

6    the determination whether a certificate of appealability ("COA") should issue becomes a two-part

7    test.  The Supreme Court has held that under such circumstances:

8                    When the district court denies a habeas petition on procedural grounds
                     without reaching the prisoner's underlying constitutional claim, a COA
9                    should issue when the prisoner shows, at least, that jurists of reason
                     would find it debatable whether the petition states a valid claim of the
10                   denial of a constitutional right and that jurists of reason would find it
                     debatable whether the district court was correct in its procedural
11                   ruling.

12   *Slack,* 529 U.S. at 484.  Therefore, in order to obtain a COA in cases dismissed on procedural

13   grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional

14   right, and that jurists of reason would find it debatable whether the court's procedural ruling was

15   correct.  In cases where there is a plain procedural bar to a petitioner's claims and the district court is

16   correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude

17   either that the district court erred in dismissing the petition or that the petitioner should be allowed to

18   proceed further."  *Id.*  Under those circumstances "no appeal would be warranted."  *Id.*

19           In the instant case, the Nevada Supreme Court applied NRS 34.726(1) and ruled that

20   petitioner's claims in the state post-conviction habeas petition were untimely filed.  The Nevada

21   Supreme Court therefore refused to substantively consider any of petitioner's claims.  (Exhibit 36).[1]

22   The claims in petitioner's state post-conviction habeas petition are the same claims raised in the

23   federal petition in this Court.  (ECF No. 1 & Exhibit 24).  In the order filed February 19, 2013, this

24   Court determined that the Nevada Supreme Court's application of the procedural bar of NRS

25   34.726(1) was an independent of any federal question and adequate to support the judgment.  (ECF

26

_____

[1]  The exhibits referenced in this order are found in the Court's record at ECF Nos. 5-6.

1  No. 20, at pp. 3-4).  *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991); *Murray v. Carrier*,

2  477 U.S. 478, 485 (1986); *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9ᵗʰ Cir. 1996).

3        This Court further determined that petitioner did not demonstrate cause and prejudice to

4  excuse the procedural default of his claims because petitioner failed to show that some objective

5  factor external to the defense impeded his efforts to comply with the state procedural rule.  (ECF No.

6  20, at pp. 4-6).  *See Murray*, 477 U.S. at 488.  Specifically, petitioner argued that his state petition

7  should have been deemed timely by the Nevada courts pursuant to the "mailbox rule."  Pursuant to

8  the "mailbox rule," federal courts deem the filing date of a document as the date it was given to

9  prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  While the Ninth Circuit has

10  held that the mailbox rule applies to state as well as federal filings in computing the timeliness of the

11  federal petition under the AEDPA, the Ninth Circuit has also acknowledged that Nevada does not

12  recognize the prison mailbox rule for state post-conviction petitions in determining the timeliness of

13  a state petition under state law.  *See Koerner v. Grigas*, 328 F.3d 1039, 1044 n.1 (9ᵗʰ Cir. 2003)

14  ("because Nevada does not recognize a prison mailbox rule for post-conviction petitions, [a] petition

15  [is] not filed under Nevada law until actually received by the clerk of court") (citing *Gonzales v.*

16  *State*, 118 Nev. 590, 592 (2002) (Nevada does not recognize the "prison mailbox rule" and has

17  expressly rejected the rule for purposes of determining the filing date of state post-conviction habeas

18  petitions).  Petitioner was required to comply with the Nevada's state procedural rules in filing his

19  state habeas petition.  Therefore, this Court determined that petitioner failed to demonstrate cause for

20  the procedural default in state court on the basis of untimeliness.  (ECF No. 20, at p. 5).  Because all

21  grounds of the federal petition were procedurally defaulted in state court on independent and

22  adequate state law grounds, and because petitioner filed the show cause and prejudice to excuse the

23  procedural default, the federal petition was procedurally barred from review by this Court.

24  Accordingly, the petition was dismissed with prejudice.  (ECF No. 20, at pp. 5-6).  In considering the

25  application for a certificate of appealability, this Court now finds that jurists of reason would not find

26  it debatable whether the petition states a valid claim of the denial of a constitutional right.

1    Moreover, this Court finds that jurists of reason would not find it debatable whether this Court was

2    correct in its ruling that all grounds of the federal petition were procedurally barred and subject to

3    dismissal.

4         Regarding petitioner's Rule 60(b) motion for reconsideration, petitioner argued, for the first

5    time, that he was unable to file a timely state post-conviction habeas petition because his state

6    appointed counsel failed to provide him with court files until December 2, 2009, four months before

7    he filed his untimely state habeas petition.  (ECF No. 22).  In his opposition to the motion to dismiss,

8    petitioner did not argue that he had any difficulties obtaining court files from his state appointed

9    attorney.  (ECF No. 16).  Because petitioner may not raise new arguments in a motion for

10   reconsideration, the Court denied the motion.  (ECF No. 24).

11        Additionally, in the Rule 60(b) motion, petitioner repeated arguments made in his opposition,

12   that respondents incorrectly calculated the date on which the Nevada Supreme Court issued

13   remittitur, and that he was entitled to application of the "mailbox rule" regarding his state habeas

14   petition.  Those arguments were addressed and rejected in the Court's order of February 13, 2013.

15   (ECF No. 20).

16        Finally, in his Rule 60(b) motion, petitioner argued that he was actually innocent.  "'[A]ctual

17   innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523

18   U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).  "Actual innocence does

19   not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather

20   that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 327

21   (1995).  A petitioner must support his allegation of constitutional error with new reliable evidence

22   such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical

23   evidence" that was not presented at trial.  *Id.* at 324.  Bare allegations unsupplemented by evidence

24   do not tend to establish actual innocence sufficient to overcome procedural default. *Thomas v.*

25   *Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992).  Petitioner failed to present any new evidence that

26   would demonstrate that no reasonable juror would have found him guilty of his crimes to support a

4

claim of actual innocence.  As such, this Court denied petitioner's Rule 60(b) motion for reconsideration.  (ECF No. 24).  In considering the application for a certificate of appealability, this Court now finds that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right.  Additionally, this Court finds that jurists of reason would not find it debatable whether this Court was correct in denying petitioner's Rule 60(b) motion for reconsideration.  No reasonable jurist could conclude that this Court's orders were erroneous.

**IT IS THEREFORE ORDERED** that petitioner's application for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of this order to the United States Court of Appeals for the Ninth Circuit.

**DATED** this 12th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge