UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ANTOINE BOUSLEY, | ) | Appeal No. 13-17488 |
| | ) | |
| Petitioner, | ) | 2:11-cv-01751-GMN-GWF |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| D.W. NEVEN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

This closed action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, by a Nevada state prisoner. On February 19, 2013, this Court granted respondents' motion to dismiss and dismissed this action with prejudice, because all grounds of the petition were procedurally barred. (ECF No. 20). On August 22, 2013, petitioner filed a motion for reconsideration pursuant to Rule 60(b). (ECF No. 22). By order filed November 22, 2013, this Court denied petitioner's motion for reconsideration. (ECF No. 24). Petitioner filed a notice of appeal on December 4, 2013. (ECF No. 25). On December 11, 2013, the Ninth Circuit Court of Appeals remanded the matter to this Court for the limited purpose of determining whether a certificate of appealability should be issued.

In order to proceed with his appeal, petitioner must receive a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22; 9th Cir. R. 22-1; *Allen v. Ornoski,* 435 F.3d 946, 950-951 (9th Cir. 2006); s*ee also United States v. Mikels*, 236 F.3d 550, 551-52 (9th Cir. 2001). Generally, a petitioner must make "a substantial showing of the denial of a constitutional right" to warrant a certificate of appealability. *Id.;* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). "The petitioner must demonstrate that reasonable jurists would find the district

court's assessment of the constitutional claims debatable or wrong." *Id.* (*quoting Slack*, 529 U.S. at 484). In order to meet this threshold inquiry, the petitioner has the burden of demonstrating that the issues are debatable among jurists of reason, that a court could resolve the issues differently, or that the questions are adequate to deserve encouragement to proceed further. *Id.*

Where the court has dismissed a petitioner's habeas corpus petition on procedural grounds, the determination whether a certificate of appealability ("COA") should issue becomes a two-part test. The Supreme Court has held that under such circumstances:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack*, 529 U.S. at 484. Therefore, in order to obtain a COA in cases dismissed on procedural grounds, petitioner has the burden of demonstrating both that he was denied a valid constitutional right, and that jurists of reason would find it debatable whether the court's procedural ruling was correct. In cases where there is a plain procedural bar to a petitioner's claims and the district court is correct to invoke that procedural bar to dispose of the case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Under those circumstances "no appeal would be warranted." *Id.*

In the instant case, the Nevada Supreme Court applied NRS 34.726(1) and ruled that petitioner's claims in the state post-conviction habeas petition were untimely filed. The Nevada Supreme Court therefore refused to substantively consider any of petitioner's claims. (Exhibit 36).[1] The claims in petitioner's state post-conviction habeas petition are the same claims raised in the federal petition in this Court. (ECF No. 1 & Exhibit 24). In the order filed February 19, 2013, this Court determined that the Nevada Supreme Court's application of the procedural bar of NRS 34.726(1) was an independent of any federal question and adequate to support the judgment. (ECF

---

[1] The exhibits referenced in this order are found in the Court's record at ECF Nos. 5-6.

1  No. 20, at pp. 3-4).  *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991); *Murray v. Carrier*,
2  477 U.S. 478, 485 (1986); *Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996).
3        This Court further determined that petitioner did not demonstrate cause and prejudice to
4  excuse the procedural default of his claims because petitioner failed to show that some objective
5  factor external to the defense impeded his efforts to comply with the state procedural rule.  (ECF No.
6  20, at pp. 4-6).  *See Murray*, 477 U.S. at 488.  Specifically, petitioner argued that his state petition
7  should have been deemed timely by the Nevada courts pursuant to the "mailbox rule."  Pursuant to
8  the "mailbox rule," federal courts deem the filing date of a document as the date it was given to
9  prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  While the Ninth Circuit has
10 held that the mailbox rule applies to state as well as federal filings in computing the timeliness of the
11 federal petition under the AEDPA, the Ninth Circuit has also acknowledged that Nevada does not
12 recognize the prison mailbox rule for state post-conviction petitions in determining the timeliness of
13 a state petition under state law.  *See Koerner v. Grigas*, 328 F.3d 1039, 1044 n.1 (9th Cir. 2003)
14 ("because Nevada does not recognize a prison mailbox rule for post-conviction petitions, [a] petition
15 [is] not filed under Nevada law until actually received by the clerk of court") (citing *Gonzales v.*
16 *State*, 118 Nev. 590, 592 (2002) (Nevada does not recognize the "prison mailbox rule" and has
17 expressly rejected the rule for purposes of determining the filing date of state post-conviction habeas
18 petitions).  Petitioner was required to comply with the Nevada's state procedural rules in filing his
19 state habeas petition.  Therefore, this Court determined that petitioner failed to demonstrate cause for
20 the procedural default in state court on the basis of untimeliness.  (ECF No. 20, at p. 5).  Because all
21 grounds of the federal petition were procedurally defaulted in state court on independent and
22 adequate state law grounds, and because petitioner filed the show cause and prejudice to excuse the
23 procedural default, the federal petition was procedurally barred from review by this Court.
24 Accordingly, the petition was dismissed with prejudice.  (ECF No. 20, at pp. 5-6).  In considering the
25 application for a certificate of appealability, this Court now finds that jurists of reason would not find
26 it debatable whether the petition states a valid claim of the denial of a constitutional right.

Moreover, this Court finds that jurists of reason would not find it debatable whether this Court was correct in its ruling that all grounds of the federal petition were procedurally barred and subject to dismissal.

Regarding petitioner's Rule 60(b) motion for reconsideration, petitioner argued, for the first time, that he was unable to file a timely state post-conviction habeas petition because his state appointed counsel failed to provide him with court files until December 2, 2009, four months before he filed his untimely state habeas petition. (ECF No. 22). In his opposition to the motion to dismiss, petitioner did not argue that he had any difficulties obtaining court files from his state appointed attorney. (ECF No. 16). Because petitioner may not raise new arguments in a motion for reconsideration, the Court denied the motion. (ECF No. 24).

Additionally, in the Rule 60(b) motion, petitioner repeated arguments made in his opposition, that respondents incorrectly calculated the date on which the Nevada Supreme Court issued remittitur, and that he was entitled to application of the "mailbox rule" regarding his state habeas petition. Those arguments were addressed and rejected in the Court's order of February 13, 2013. (ECF No. 20).

Finally, in his Rule 60(b) motion, petitioner argued that he was actually innocent. "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). "Actual innocence does not merely require a showing that a reasonable doubt exists in light of the new evidence, but rather that no reasonable juror would have found the defendant guilty." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A petitioner must support his allegation of constitutional error with new reliable evidence such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not presented at trial. *Id.* at 324. Bare allegations unsupplemented by evidence do not tend to establish actual innocence sufficient to overcome procedural default. *Thomas v. Goldsmith*, 979 F.2d 746, 750 (9th Cir. 1992). Petitioner failed to present any new evidence that would demonstrate that no reasonable juror would have found him guilty of his crimes to support a

claim of actual innocence. As such, this Court denied petitioner's Rule 60(b) motion for reconsideration. (ECF No. 24). In considering the application for a certificate of appealability, this Court now finds that jurists of reason would not find it debatable whether the petition states a valid claim of the denial of a constitutional right. Additionally, this Court finds that jurists of reason would not find it debatable whether this Court was correct in denying petitioner's Rule 60(b) motion for reconsideration. No reasonable jurist could conclude that this Court's orders were erroneous.

**IT IS THEREFORE ORDERED** that petitioner's application for a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall transmit a copy of this order to the United States Court of Appeals for the Ninth Circuit.

**DATED** this 12th day of December, 2013.

_____
Gloria M. Navarro
United States District Judge